UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) ) ) | No. 5:16-CV-19-DCR-REW |
| v. | ) ) | RECOMMENDED DISPOSITION |
| MARK NEWTON, *as sole member of* SOUTHERN INDUSTRIAL LLC, | ) ) ) | |
| Respondent. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This summons enforcement action is before the Court on referral from District Judge Reeves. DE #3 (Referral Order). The United States initiated the case, on behalf of the Internal Revenue Service, to effectuate compliance with two administrative summonses served by the IRS on Mark Newton, as sole member of Southern Industrial LLC. DE #1 (Petition to Enforce). The undersigned entered a show cause order, ordering personal service of the full IRS Petition on Mr. Newton and directing Respondent's personal appearance on April 22, 2016. DE #13 (Show Cause Order). The Marshal properly served Mr. Newton, DE #15 (Executed Summons Receipt), and all parties appeared before the undersigned at the appointed date and time. Mr. Newton acknowledged receipt of the IRS Summonses.[1]

The United States proceeds under the administrative enforcement mechanics of the Internal Revenue Code, including 26 U.S.C. §§ 7402, 7602, and 7604. This Court has

---

[1] Service of the show cause order packet took significant effort and delayed the processing of the Petition.

1

jurisdiction over the subject matter, and personal jurisdiction over the Respondent, a District resident (as confirmed on the record), per § 7402(b) and § 7604(a).

The Supreme Court established a framework for enforcement that requires IRS satisfaction of certain procedural and other conditions precedent to judicial intervention. *United States v. Powell*, 85 S. Ct. 248, 255 (1964); *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 733 (6th Cir. 2006) (describing *Powell* as "the analytical framework that governs enforcement decisions"). Once the United States establishes *Powell* and statutory compliance by prima facie evidence,[2] the burden shifts to a respondent to "either disprove the elements of the prima facie case or 'demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process.'" *See Monumental Life*, 440 F.3d at 733 (quoting *United States v. Davis,* 636 F.2d 1028, 1034 (5th Cir. 1981)).

In advance of the hearing, the Court reviewed in detail the IRS Petition, which appended two supportive affidavits from Revenue Officer Tiffany Stockwell, as well as the summonses at issue. DE ##1-1, 1-2 (Stockwell Affidavits); 1-3, 1-4 (IRS Summonses). As announced at the hearing, the Court determined that the verified materials established the Government's prima facie enforcement right. Thus, the materials are prima facie evidence in satisfaction of all substantive and procedural requirements imposed by *Powell* and the Code, including proper purpose, relevance, non-duplication, and valid administrative issuance. Further, the Court finds that the mode of administrative service was valid and that all processes complied with the Code. The

---

[2] A tendered affidavit generally suffices, at the prima facie stage. The IRS must show (1) a legitimate purpose; (2) relevance; (3) that it does not already have the sought information; and (4) compliance with the Code's procedural requirements. *See Monumental Life*, 440 F.3d at 733.

2

Marshal's personal service of the show cause order properly brought Mr. Newton before the Court.

The tendered materials further verified absence of a parallel criminal investigation. Section 7602(d) of the Internal Revenue Code bars administrative summons issuance and/or civil enforcement "with respect to any person if a Justice Department referral is in effect with respect to such person." 26 U.S.C. § 7602(d) (defining "referral" as, in essence, IRS-recommended criminal prosecution or active criminal investigation by DOJ).

The Court announced its findings at the hearing and gave Respondent an opportunity to present his rebuttal case, if any.[3]  Mr. Newton indicated that he knew of no reason for the Court not to enforce the summons. The Court thus finds that enforcement of the summons is appropriate on this record. Respondent's failure to effectively argue or proffer against the prima facie showing results in summons enforcement. *See United States v. Gertner*, 65 F.3d 963, 967 (1st Cir. 1995) ("[I]n order to advance past the first tier, the taxpayer must articulate specific allegations of bad faith and, if necessary, produce reasonably particularized evidence in support of those allegations"). Newton has not argued for, much less proven, any basis on which to avoid summons enforcement.

The Court thus recommends that the District Judge issue an order enforcing the IRS summonses at issue in this action. Per 26 U.S.C. §§ 7402(b), 7602, and 7604, the IRS has established its right to enforcement, and Respondent has failed to show any cause in avoidance of such relief. The District Judge should order that Respondent fully comply with the summonses **no later than June 3, 2016**. The Court makes this

---

[3] By prior order, the Court had imposed a deadline for written objections, and Newton made none.

3

recommendation with the understanding that, per the parties' agreement, Respondent will appear at Officer Stockwell's office in Lexington on both May 2 and May 23, 2016, at 10:00 a.m., to work toward the ultimate resolution of this issue. The June 3 date will back the agreement with a firm, court-ordered deadline by which Newton must have fully complied with the summonses. The Court warned Mr. Newton that failure to abide by the order to comply could subject him to potential penalties, including contempt of court. Mr. Newton indicated his understanding.

The Clerk of the Court shall serve this Recommended Disposition on all parties, including Hon. Fred Irtz and Hon. Brent Cox (who may but do not yet represent Newton), and specifically shall serve Respondent at the address listed on the docket sheet.[4]

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 22nd day of April, 2016.

---

[4] During the hearing, Mr. Newton confirmed this as his current residential address. If Mr. Newton should change residences during the pendency of the action, he must promptly notify the Clerk of his new mailing address. *See* Local Civil Rule 5.2(d).

4

Signed By:

*Robert E. Wier* REW

**United States Magistrate Judge**

5